**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**Greenbelt Division**

**KALEB RANDALL**
4009 8th Street NE, #1
Washington, DC 20017

and

**SHIRLEY ANN CONROY,** Individually
and as Next Friend of Kaleb Randall
4009 8th Street NE, #1
Washington, DC 20017

      Plaintiffs,

v.

**WORLDWIDE FITNESS PRODUCTS,
LLC**
1240 Commerce Drive, Unit G
Gulf Shores, AL 36542

Serve:
Stacy L. Newman
1240 Commerce Drive, Unit G
Gulf Shores, AL 36542

and

**GEORGETOWN PREPARATORY
SCHOOL, INCORPORATED**
10900 Rockville Pike
Rockville, MD 20852

Serve:
James Van Dyke, S.J.
President, Georgetown Preparatory School
10900 Rockville Pike
Rockville, MD 20852

      Defendants.

Case No._____

**JURY TRIAL DEMANDED**

## COMPLAINT

COME NOW, the Plaintiffs, Kaleb Randall and Shirley Ann Conroy, Individually and as Next Friend of Kaleb Randall, by and through counsel, and hereby bring this Complaint for damages against the Defendants, and aver the following:

## PARTIES AND JURISDICTION

1.      Plaintiff Kaleb Randall is an adult resident of the District of Columbia.  At all times relevant hereto, Mr. Randall was a student at Georgetown Preparatory School in Rockville, Maryland.

2.      Plaintiff Shirley Ann Conroy is an adult resident of the District of Columbia.  Ms. Conroy is the mother of Mr. Randall.

3.      Defendant Worldwide Fitness Products, LLC (hereinafter "Worldwide Fitness") is a Delaware corporation with its principal place of business in Gulf Shores, Alabama.   At all times relevant hereto, Defendant Worldwide Fitness owned and operated, and/or did business under, the brand name "Speedster Athletics"[1] through which it manufactured, designed, marketed, distributed, and/or sold athletic training equipment.

4.      Defendant Georgetown Preparatory School, Incorporated (hereinafter "Georgetown Prep") is a private all-boys day and boarding school, grades 9-12, incorporated in the state of Maryland and located in Rockville, Montgomery County, Maryland.

5.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) in that the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

---

[1] See https://speedster.com/.

6.     Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) in that a substantial part of the events giving rise to this action occurred in this District.

## FACTUAL ALLEGATIONS

7.     Plaintiff Kaleb Randall is a 19-year-old man who attends Georgetown Prep as a student and has attended Georgetown Prep since 2014.

8.     In 2014, Mr. Randall joined the track and field team at Georgetown Prep, primarily competing in the hurdles and the 200m and 400m dash events. Mr. Randall continued to participate as a member of the Georgetown Prep track and field team in 2015 and 2016.

9.     On Monday, April 18, 2016, Mr. Randall participated in track and field practice after school. At this time, the head coach of the Georgetown Prep boys' track and field team was Daniel Rose, and the hurdles coach was Cassandra McFarland.

10.     At this time and place, Mr. Randall participated in a training exercise using a product designed, manufactured, marketed, distributed, and/or sold by Defendant Worldwide Fitness. Upon information and belief, this product is called the "Speedster Leap Frog"[2] and, according to Defendant Worldwide Fitness, is designed "for sport specific plyometric and agility training as well as short burst overspeed training."[3]

11.     The Speedster Leap Frog is a bungee cord with heavy metal carabiners on each end. Upon information and belief, the carabiners are designed to attach to nylon belts which are to be worn around the waists of two runners. On each nylon belt is a large metal ring to which the carabiner attaches. Also on each nylon are two additional metal rings which control the loosening/tightening function of the belts.

---

[2] Plaintiffs reserve the right to amend this Complaint if, during discovery, it is determined that the subject product was sold and/or marketed under a different model, brand, or trade name than what is alleged herein upon information and belief.
[3] https://speedster.com/collections/speed-training/products/speedster-leap-frog.



*Photographs from speedster.com website*

12.     At this time and place, Mr. Randall and another athlete on the track and field team were using the Speedster Leap Frog for "overspeed" training.  In this exercise, a lead runner sprints forward while the second runner remains in place, and as tension builds on the bungee cord, the second runner is pulled behind the lead runner.  Ultimately, using the tension from the bungee cord, the second runner is propelled forward, sprinting past the lead runner.  The goal of this training exercise is for the second runner to develop technique to maximize top running speed and acceleration.  Mr. Randall and his teammates had performed this training exercise on multiple occasions prior to April 18, 2016 and were trained to perform this exercise by Coach McFarland, among other coaches.

13.     At this time and place, Mr. Randall was the second runner.  Mr. Randall had the nylon belt properly wrapped around his waist.  His teammate (the lead runner) did not have the

opposite nylon belt wrapped around his waist, but instead was holding the belt in his hand as he ran.

14.     Upon information and belief, the lead runner and/or other members of the Georgetown Prep track and field team were instructed by the coaches at Georgetown Prep that holding the nylon belt in his hand as he ran was an acceptable way of performing the exercise.

15.     The Speedster Leap Frog contained no warnings or instructions for use on the product. More specifically, the Speedster Leap Frog had no warnings, instructions, graphics, renderings, diagrams, or any communication on the product about the necessity or importance of putting the nylon band around the waist when using the product and/or the dangers of using the Speedster Leap Frog while holding the nylon band with one's hand.

16.     Upon information and belief, Defendant Worldwide Fitness did not provide the end user with any instructions, warnings, photographs, videos, drawings, diagrams, or any instructional material whatsoever as to the proper and safe use of the product.  Upon information and belief, neither Kaleb Randall or his teammate (the lead runner) had viewed, read, or been provided with any instructions, warnings, photographs, videos, drawings, diagrams, or any instructional material whatsoever as to the proper and safe use of the product.

17.     At this time and place, the lead runner sprinted forward with the nylon belt in his hand with Mr. Randall attached to the opposite end of the bungee cord.  As the tension in the bungee cord increased, the lead runner was unable to keep his grip on the nylon belt.  When the lead runner was approximately 15 feet in front of Mr. Randall, the nylon belt slipped from the lead runner's hand and, with great velocity, snapped back toward Mr. Randall.  The nylon belt's metal rings and/or metal carabiner struck Mr. Randall in the scrotal/genital area.

18.     Immediately Mr. Randall felt extreme pain in his testicles.  Mr. Randall removed himself from practice and found the trainer.  There, he continued to experience severe and increasing pain.  Ms. Conroy subsequently picked Mr. Randall up from practice and took him to seek medical care.

19.     Ms. Conroy arrived at Georgetown Prep and transported her son to Children's National Medical Center in Washington, DC.  Mr. Randall was admitted to the emergency room at approximately 8:57pm.   He was noted to have "blunt trauma to lower abdomen and genitals." At this point, Mr. Randall's left testicle and penis were considerably swollen, and subsequent imaging showed hematoma and edema, as well as thickening, edema, and induration of the left inguinal canal.

20.     Mr. Randall was discharged from the emergency department the following day and scheduled to follow up with a thoracic surgeon.  Upon consultation, the surgeon documented that Mr. Randall had suffered a "traumatic hematoma of groin."

21.     On April 25, 2016, Mr. Randall presented to his general pediatrician due to continued swelling and extreme pain.  Upon examination, Mr. Randall's pediatrician instructed him to go directly to the emergency department at Children's National.  There, it was noted that Mr. Randall was suffering "increase[d] redness and swelling in scrotum" and that he "cannot walk."  He was noted to have chills and a fever along with acute pain. Subsequent imaging noted that Mr. Randall's edema had increased since the previous examination. Mr. Randall was scheduled for a scrotal exploration surgery that day, along with an evacuation of the hematoma.

22.     After this initial surgery, Mr. Randall underwent intensive medical treatment throughout the summer of 2016 to address the traumatic testicular hematoma he suffered on April 18, 2016.  During this course of treatment, the swelling to Mr. Randall's left testicle did not abate,

and his agonizing chronic pain continued. He was largely resigned to a bed or couch, and he was forced to suspend his schooling at Georgetown Prep due to his chronic pain and inability to ambulate. On August 24, 2016, Mr. Randall returned to the emergency room at Children's National and was admitted into the hospital later that night. He remained at Children's National until he was transferred to Johns Hopkins Hospital by ambulance.

23.     On August 31, 2016, Mr. Randall was admitted to the Johns Hopkins Hospital for continued treatment of his ongoing and worsening pain in his abdominal and pelvic region. Mr. Randall was hospitalized at Johns Hopkins for almost three weeks, until September 19, 2016, including at least one night in the intensive care unit. During this hospitalization, he was noted to have regular episodes in which he would shake uncontrollably and lose consciousness for short periods of time due to the severity of his pain. He was diagnosed with having regular non-epileptic seizures related to his debilitating abdominal and pelvic pain. It was also documented during this course of treatment that Mr. Randall was experiencing severe psychological and emotional sequalae, and he was diagnosed with an anxiety disorder and an adjustment disorder with depressed mood.

24.     Mr. Randall was then transferred to the Kennedy Krieger Institute on September 19, 2016, where he was hospitalized until October 28, 2016. His non-epileptic seizures continued, and Mr. Randall experienced about 4-5 such episodes per day, lasting up to three hours at a time.

25.     Over the next few months, Mr. Randall's pain, discomfort, and ability to function normally did not improve. Ultimately, on December 22, 2016, Mr. Randall underwent a surgical procedure to remove his left testicle and left spermatic cord. According to his surgeon, the indications for this procedure were lack of function of the testicle, trauma to the testicle, chronic severe pain, and failure of prior treatments to control Mr. Randall's chronic pain.

26.     As a direct and proximate result of the Defendants' acts and omissions, as set forth in more detail in the Counts of this Complaint, Plaintiff Kaleb Randall was caused to suffer past, present, and future damages, including but not limited to economic damages, expenses for medical treatment, physical pain and suffering, and emotional and psychological pain and suffering.

27.     As a further direct and proximate result of the Defendants' acts and omissions, as set forth in more detail in the Counts of this Complaint, Plaintiff Shirley Conroy was caused to suffer economic damages in the form of expenses for Kaleb Randall's medical treatment, surgical treatment, prescriptions, physical therapy, occupational therapy, mental health therapy, and other modalities of treatment for his injuries.

## CAUSES OF ACTION

### Count I – Strict Liability - Defective Design
### (Worldwide Fitness)

28.     Plaintiffs incorporate and reallege all preceding paragraphs of this Complaint.

29.     The Speedster Leapfrog, designed and sold by Defendant Worldwide Fitness was defectively designed in that when used foreseeably, it was unreasonably dangerous to the user. Specifically, the product's design—a bungee cord with heavy metal objects on each end—created an unreasonable risk of harm to users in that it was susceptible to striking users violently and at great velocity, causing injury to the user, when used in foreseeable environments.

30.     The subject product was in a defective condition at the time it left control of Defendant Worldwide Fitness and was expected to and did reach the consumer without substantial change in its condition.

31.     As a direct and proximate result of Defendant Worldwide Fitness's defective design of the subject product, Plaintiff Kaleb Randall was caused to suffer past, present, and future

damages, including but not limited to economic damages, expenses for medical treatment, physical pain and suffering, and emotional and psychological pain and suffering.

32.     As a further direct and proximate result of the Defendant Worldwide Fitness's defective design of the subject product, Plaintiff Shirley Conroy was caused to suffer economic damages in the form of expenses for Kaleb Randall's medical treatment, surgical treatment, prescriptions, physical therapy, occupational therapy, mental health therapy, and other modalities of treatment for his injuries.

33.     Therefore, Defendant Worldwide Fitness is strictly liable in tort for the damages suffered by Plaintiffs as a direct and proximate results of the defective design of the Speedster Leap Frog product.

### Count II – Strict Liability – Failure to Warn
### (Worldwide Fitness)

34.     Plaintiffs incorporate and reallege all preceding paragraphs of this Complaint.

35.     At all times relevant hereto, Defendant Worldwide Fitness failed to warn users of the Speedster Leap Frog product of the dangers related to the product of which Worldwide Fitness knew or should have known and which were not obvious to the user and/or which the user might not reasonably anticipate and fully appreciate.

36.     At all times relevant hereto, Defendant Worldwide Fitness knew or should have known that when not secured around the user's waist, the subject product was susceptible to striking users with great velocity and causing significant injury due to the design of the product. At all times relevant hereto, Defendant Worldwide Fitness knew or should have known the degree and potential for injury associated with this foreseeable misuse of the product and the relative risk of this hazard occurring.

37.     Defendant Worldwide Fitness's aforementioned knowledge was or should have been attained through adequate pre-market and post-market testing, research, analysis, and surveillance of its Speedster Leapfrog product.

38.     Despite Defendant Worldwide Fitness's actual or constructive knowledge of the safety risk to users associated with the foreseeable misuse of the Speedster Leap Frog product, at all times relevant hereto Worldwide Fitness failed to provide any warnings, instructions, or other information to Mr. Randall and/or the members of the Georgetown Prep track team about the safe use of the product, namely the importance of securing the product around the waist and the safety consequences of failing to do so.

39.     At all times relevant hereto, Defendant Worldwide Fitness should have provided clear and conspicuous warnings on the Speedster Leap Frog product about the safe use of the product and the risk of injury in failing to use the product as directed, including but not limited to bodily injury due to being struck by the metal apparatuses on either end of the bungee cord.

40.     Because of Defendant Worldwide Fitness's failure to warn, the Speedster Leapfrog product was in a defective condition at the time it left the control or possession of Worldwide Fitness and was unreasonably dangerous to the users of the product.  Further, the product was expected to and did reach the consumers and users without substantial change in its condition.

41.     As a direct and proximate result of Defendant Worldwide Fitness's failure to warn, Plaintiff Kaleb Randall was caused to suffer past, present, and future damages, including but not limited to economic damages, expenses for medical treatment, physical pain and suffering, and emotional and psychological pain and suffering.

42.     As a further direct and proximate result of the Defendant Worldwide Fitness's failure to warn, Plaintiff Shirley Conroy was caused to suffer economic damages in the form of

expenses for Kaleb Randall's medical treatment, surgical treatment, prescriptions, physical therapy, occupational therapy, mental health therapy, and other modalities of treatment for his injuries.

43.     Therefore, Defendant Worldwide Fitness is strictly liable in tort for the damages suffered by Plaintiffs as a direct and proximate results of their failure to warn about the hazards and safety risks associated with the Speedster Leap Frog product.

## COUNT III – Negligence
### (Worldwide Fitness)

44.     Plaintiffs incorporate and reallege all preceding paragraphs of this Complaint.

45.     At all times relevant hereto, Defendant Worldwide Fitness had a duty to use reasonable care with respect to its Speedster Leap Frog product, specifically in testing, designing, surveilling, and warning about the dangers of its product.

46.     Defendant Worldwide Fitness breached its duty of care with respect to the subject product, in that the product was unreasonably dangerous for its foreseeable uses, was not adequately tested or surveilled for possible or known failures, provided no instructions to the user as to the safe use or the product, and provided no warnings to the user about potential hazards unknown or unknowable to the user and ways to avoid said hazards.

47.     As a direct and proximate result of Defendant Worldwide Fitness's negligence, Plaintiff Kaleb Randall was caused to suffer past, present, and future damages, including but not limited to economic damages, expenses for medical treatment, physical pain and suffering, and emotional and psychological pain and suffering.

48.     As a further direct and proximate result of the Defendant Worldwide Fitness's negligence, Plaintiff Shirley Conroy was caused to suffer economic damages in the form of expenses for Kaleb Randall's medical treatment, surgical treatment, prescriptions, physical

therapy, occupational therapy, mental health therapy, and other modalities of treatment for his injuries.

## COUNT IV – Negligence
### (Georgetown Prep)

49.     Plaintiffs incorporate and reallege all preceding paragraphs of this Complaint.

50.     At all times relevant hereto, Defendant Georgetown Prep owed a duty to Plaintiffs to use reasonable care in training, supervising, and coaching Plaintiff Kaleb Randall and his teammates to use athletic equipment and participate in athletic exercises safely during school-sanctioned athletic practices and events.

51.     At all times relevant hereto, Defendant Georgetown Prep, by or through employees, agents, servants, and/or apparent agents, breached its duty by failing to use reasonable care in supervising, coaching, and training Plaintiff Kaleb Randall and his teammates in the safe use of the Speedster Leap Frog product.  Specifically, Georgetown Prep failed to use reasonable care in a number of ways, including but not limited to the following: failing to ensure that Plaintiff Kaleb Randall and his teammates knew or were informed of the proper and safe manner in which to use the Speedster Leap Frog product to avoid foreseeable injury; failing to ensure Plaintiff Kaleb Randall and his teammates knew or were informed of the safety risks of wrapping the nylon belt of the subject product around one's hand rather than waist; failing to supervise Plaintiff Kaleb Randall and the lead runner during their training exercises on or about April 18, 2016; permitting and/or instructing Plaintiff Kaleb Randall and the lead runner on or about April 18, 2016 to use unsafe training equipment without sufficient warnings; and otherwise failing to use reasonable care in supervising, coaching, and training Plaintiff Kaleb Randall and his teammates.

52.     As a direct and proximate result of Georgetown Prep's negligence, Plaintiff Kaleb Randall was caused to suffer severe and permanent injury during a training exercise during a

Georgetown Prep track and field practice on or about April 18, 2016.  The injury was foreseeable to Georgetown Prep and would have been avoided had the Defendant exercised reasonable care in coaching, supervising, and training Plaintiff Kaleb Randall and his teammates.

53.     As a further direct and proximate result of Defendant Worldwide Fitness's negligence, Plaintiff Kaleb Randall was caused to suffer past, present, and future damages, including but not limited to economic damages, expenses for medical treatment, physical pain and suffering, and emotional and psychological pain and suffering.

54.     As a further direct and proximate result of the Defendant Worldwide Fitness's negligence, Plaintiff Shirley Conroy was caused to suffer economic damages in the form of expenses for Kaleb Randall's medical treatment, surgical treatment, prescriptions, physical therapy, occupational therapy, mental health therapy, and other modalities of treatment for his injuries.

WHEREFORE, Plaintiff Kaleb Randall and Shirley Conroy demand judgment of and against Defendants Worldwide Fitness Products, LLC and Georgetown Preparatory School, Incorporated, and each of them jointly and severally, for compensatory and punitive damages in an amount to be determined by the trier of fact, plus the costs of this action, as well as such further and additional relief as the nature of this case may require and which this Honorable Court deems just and proper.

## JURY TRIAL DEMANDED

Plaintiffs demand a trial by jury on all issues so triable.

**DATED: March 15, 2019**                    Respectfully submitted,

ASHCRAFT & GEREL, LLP

/s/ *Drew LaFramboise*
Drew LaFramboise, Esq. (#20288)
8403 Colesville Rd., Ste. 1250
Silver Spring, MD 20910
(301) 770-3737
dlaframboise@ashcraftlaw.com

COHEN & COHEN, P.C.

Adam Leighton, Esq. (#17097)
1220 19th Street, NW, Ste. 500
Washington, DC 20036
(202) 955-4529
arl@cohenandcohen.net